VICENTE LÓPEZ, Plaintiff and Appellee, *v.* G. LLINÁS & COMPANY, *S. en C.,* Defendant and Appellant; AMELIA COSTAS FERRER, Defendant.

No. 5344. Argued March 17, 1931.—Decided March 27, 1931.

*Tomás Paz* for appellant. *Leopoldo Tormes* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

This is an appeal from a judgment in favor of Vicente López, the owner of certain live-stock attached by appellant as property of Amelia Costas Ferrer, defendant in a summary foreclosure proceeding.

The first contention of appellant is that the district court erred in overruling a demurrer to the complaint filed by López, who alleged ownership of the attached property at the time of the attachment, without specifying the source of his title or the manner of acquisition. The averment of ownership, without more, was the statement of an ultimate fact, and the omission of details was not a failure to state facts sufficient to constitute a cause of action. 21 Cal. Jur., page 38.

The second contention is that the district court erred in admitting a bill of sale in violation of section 1195 of the Civil Code which provides that:

"The date of a private instrument shall be considered, with regard to third persons, only from the date on which it may have been filed or entered in a public registry, from the death of any of those who signed it, or from the date on which it may have been delivered to a public official by virtue of his office."

The code provision goes to the probative value of a private instrument, in so far as the date thereof is concerned, not to its admissibility as evidence. The instant case is governed by *Mattei* v. *Díaz*, 25 P.R.R. 306, and by *Longpré* v. *Wolff*, 23 P.R.R. 13, not by *Aguayo* v. *Vázquez*, 33 P.R.R. 873, cited by appellant. The district judge did not err in admitting the bill of sale as evidence.

Another contention is that the court erred in striking from the record a certain question and the answers to two other questions. These errors, if committed, would not, in the circumstances of the instant case, require a reversal.

Appellant's final contention is that the court erred in weighing the evidence as a whole. The judge in his statement

of the case and opinion says that he believed the witnesses for claimant. Their testimony, if true, furnishes ample support for the judgment. While the circumstances relied upon by appellant might have justified a different result, they are not so incompatible with the facts stated by the witnesses for claimant as to justify this Court in disturbing the conclusion reached by the district judge.

The judgment appealed from must be affirmed.